a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALBERT ORTIZ,<br>Petitioner | CIVIL ACTION NO. 1:20-CV-1046-P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 7) filed by *pro se* Petitioner Albert Ortiz ("Ortiz") (#89718-132). Ortiz is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Ortiz challenges the calculation of his sentence by the BOP.

Because Ortiz has not alleged that he completely exhausted administrative remedies, he must AMEND his Petition (ECF Nos. 1, 7).

I.  Background

Following a guilty plea, Ortiz was convicted in the United States District Court for the Southern District of Texas of a Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy. Docket No. 4:07-CR-00037, S.D. Tex., ECF No. 700. He was sentenced to 240-months of imprisonment, to run concurrently to an undischarged term he was already serving for a conviction in Harris County, Texas. *Id.*

According to his exhibits, Ortiz was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum on August 29, 2006. After he pleaded guilty and was sentenced, Ortiz was returned to Texas custody to complete his state sentence. ECF No. 1-1 at 5.

The BOP determined that Ortiz's federal sentence commenced on December 21, 2009, the date it was imposed. ECF No. 1-1 at 5. Ortiz seeks federal credit for time served in Texas custody from August 29, 2006 through December 20, 2009.

II.   **Law and Analysis**

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). After filing an informal resolution attempt, a prisoner may file a formal complaint to the warden. *See* 28 C.F.R. §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director. *See* 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the regional response, he or she may file an appeal with the Office of General Counsel in Washington, D.C. *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the Bureau of Prisons remedy process. *Id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

According to his exhibits, Ortiz only exhausted through the Regional Director, who denied relief on February 26, 2020. ECF No. 1-1 at 5, 6. Ortiz does not show that he appealed to the Officer of General Counsel after the date of the regional denial.[1] Ortiz must amend his Petition to state whether he fully exhausted his claim through the administrative remedy process. He should provide a copy of the appeal at the final level and the response received.

An exception to the exhaustion requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. *See Fuller*, 11 F.3d at 62. If Ortiz did not fully exhaust and believes he is entitled to be excepted from the requirement, he must explain what extraordinary circumstances prevented him from properly exhausting.

## III. Conclusion

Because Ortiz has not shown that he completely exhausted administrative remedies, IT IS ORDERED that Ortiz AMEND his Petition (ECF Nos. 1, 7) within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

---

[1] Ortiz attaches a Central Office Administrative Remedy Appeal form signed and dated January 8, 2020. However, this predates the Regional Director's denial. ECF No. 1-1 at 9.

SIGNED on Thursday, November 5, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE