a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALBERT ORTIZ #89718-132,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01046<br>SEC P |
| VERSUS | JUDGE DRELL |
| WARDEN U S P POLLOCK,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 7) filed by *pro se* Petitioner Albert Ortiz ("Ortiz") (#89718-132). Ortiz is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Ortiz challenges the calculation of his sentence by the BOP.

Because Ortiz failed to comply with the Court's Order to amend his Petition, it should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Following a guilty plea, Ortiz was convicted in the United States District Court for the Southern District of Texas of a Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy. Docket No. 4:07-CR-00037, S.D. Tex., ECF No. 700. He was sentenced to 240-months of imprisonment, to run concurrently to an undischarged term he was already serving for a conviction in Harris County, Texas. *Id.*

1

According to his exhibits, Ortiz was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum on August 29, 2006. After he pleaded guilty and was sentenced, Ortiz was returned to Texas custody to complete his state sentence. ECF No. 1-1 at 5.

The BOP determined that Ortiz's federal sentence commenced on December 21, 2009, the date it was imposed. ECF No. 1-1 at 5. Ortiz seeks federal credit for time served in Texas custody from August 29, 2006 through December 20, 2009.

Ortiz was ordered to amend his Petition by December 7, 2020, to state whether he fully exhausted his claim through the administrative remedy process. ECF No. 8.

## II. Law and Analysis

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Ortiz has failed to comply with the Court's Order (ECF No. 8) to amend his Petition, and he has not requested an extension of time within which to comply.

## III. Conclusion

Because Ortiz has failed to comply with the Court's Order (ECF No. 8), IT IS RECOMMENDED that the Petition (ECF Nos. 1, 7) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, January 4, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE